[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14165

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL PEDRAZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20286-CMA-9

_____

Before ROSENBAUM, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Miguel Pedraza, a counseled federal prisoner, appeals following the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1] In denying the motion, the district court found Pedraza did not show: (1) extraordinary and compelling circumstances warranting his compassionate release, as required by § 3582 and U.S.S.G. § 1B1.13's policy statement; (2) the factors set forth in 18 U.S.C. § 3553(a) supported such a release; and (3) he was not a danger to the community.

On appeal, however, Pedraza challenges only the district court's finding that he did not demonstrate extraordinary and compelling circumstances by arguing the district court erred in treating the § 1B1.13 policy statement as binding, and thus by failing to recognize it had discretion to find certain extraordinary and compelling reasons for his compassionate release other than those set out in § 1B1.13. Likewise, he asserts the district court "doubly erred" by finding, under § 1B1.13, that it was required to deny his motion if it found he was a danger to the community.

During briefing, we issued our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *petition for cert. filed*, No.

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

20-1732 (U.S. June 10, 2021). In *Bryant*, this Court held that a district court may not reduce a sentence unless a reduction would be consistent with the categories of extraordinary and compelling reasons contained in § 1B1.13. *Id.* at 1254-62. In his reply brief, Pedraza concedes that *Bryant* is binding, but argues it was wrongly decided.[2] Additionally, we issued a decision in *United States v. Tinker*, 14 F.4th 1234 (11th Cir. 2021), which clarified that a district court "must find that all necessary conditions are satisfied before it grants a reduction . . . support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement," including that the defendant not be a danger to the community. *Id.* at 1237-38.

*Bryant* and *Tinker* foreclose Pedraza's arguments on appeal that the district court erred in treating the § 1B1.13 policy statement as binding as to both extraordinary and compelling circumstances and danger to the community. Pedraza has abandoned a comprehensive challenge to the district court's ruling. Although he argues the district court erred in "binding itself" to § 1B1.13, and thus failing to consider the totality of all of the extraordinary and compelling circumstances he alleged, he does not challenge any of its findings in isolation. Consequently, he has abandoned any substantive argument as to the reasons underlying the district court's

---

[2] Because we are bound to follow prior panel precedent until overruled by the Supreme Court or this Court sitting *en banc*, *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016), we do not discuss Pedraza's arguments challenging *Bryant*.

ruling: that (1) he did not demonstrate extraordinary and compelling circumstances, (2) he was a danger to the community, and (3) the § 3553(a) factors weighed against compassionate release. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating an appellant abandons a claim when he fails to plainly and prominently raise it on appeal). Thus, he has not shown the district court abused its discretion. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (explaining before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect" and if the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed"). Therefore we affirm the district court's denial of compassionate release.[3]

   **AFFIRMED.**

---

[3] Even if we were inclined to address the merits of the district court's ruling, we would still conclude the district court did not abuse its discretion in denying Pedraza's motion for compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (stating a district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) is reviewed for an abuse of discretion).